IRA SPENCER et al. v. STATE.
No. A-3395.   Opinion Filed April 15, 1920.
(188 Pac. 894.)

Appeal from County Court, Dewey County; W. A. Carlton, Judge.

Ira Spencer and Roy Spencer were jointly tried and convicted of a violation of the prohibitory liquor laws, and they appeal. Judgments modified and affirmed as to each.

C. K. Cary and Milton Clark, for plaintiffs in error.

S. P. Freeling. Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Dewey county, wherein the defendants, Ira Spencer and Roy Spencer, were convicted of the crime of unlawful possession of intoxicating liquor, and each sentenced to pay a fine of $300 and to serve a term of 90 days' imprisonment in the county jail, and to pay the costs of the prosecution. From these judgments of conviction, each has appealed to this court, and assign several errors as grounds for reversal. We have carefully examined the record and find the evidence on the part of the state amply sufficient to sustain the judgment as to each defendant. Neither defendant introduced any evidence in defense. We find, however, that certain irrelevant evidence was admitted, and had a meritorious defense been interposed to the charge, the admission of such evidence would have been prejudicial to the substantial rights of the defendants. But under section 6005, Revised Laws 1910, this court is not permitted to reverse a judgment of conviction on the ground of the improper admission of evidence, unless it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right. This court is convinced that no miscarriage of justice resulted by the conviction of the defendants under the evidence in this case, nor were they deprived of any constitutional or statutory right to their prejudice, and that the admission of such evidence does not warrant a reversal of the judgments, in the absence of any denial of guilt on the part of either defendant. It is the conclusion of the court, however, under power conferred by section 6003, Revised laws 1910, that substantial justice warrants the modification of the judgments to provide a fine of $300 against each defendant, and imprisonment in the county jail for a period of 30 days against each defendant, and the payment of the costs of the prosecution, and that the judgments as so modified be affirmed. It is so ordered.